UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL JOSEPH PAGALING,

          Plaintiff,

    v.

NAPA STATE HOSPITAL,

          Defendants.

Case No. 22-cv-05277 BLF

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a state prisoner, filed a civil rights complaint against the Napa State Hospital ("NSH"), where he is currently confined. Dkt. No. 1. The matter was dismissed for Plaintiff's failure to file a motion for leave to proceed *in forma pauperis* ("IFP") in response to the Clerk's notice; judgment was entered the same day. Dkt. Nos. 3, 4. The matter was reopened after the Court found good cause in several post judgment filings by Plaintiff. Dkt. No. 8. Plaintiff filed an IFP motion which will be addressed in a separate order. Dkt. No. 10.

///

///

///

United States District Court
Northern District of California

## DISCUSSION

**A.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Plaintiff's Claims**

Plaintiff claims that he and his "peers and staff" suffered from September 1-10, 2022, due to extreme heat in Unit T-7 where there was no air-conditioning.  Dkt. No. 1 at 3.  Plaintiff claims that other units in NSH have air conditioning but not Unit T-7.  *Id.*  Plaintiff claims that it got as hot as 114 degrees, and they "could have cooked an egg on our beds."  *Id.*  Plaintiff alleges that these conditions amounted to cruel and unusual punishment, and that he suffered mental stress, feeling repressed, depression, and extreme headaches.  *Id.*

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones.  *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.  *See Helling v. McKinney*, 509 U.S. 25, 31 (1993).  The Eighth Amendment imposes duties on these officials, who must provide all prisoners

2

with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer*, 511 U.S. at 832; *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297).

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but did not actually know, the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

The allegations are insufficient to state a cognizable Eighth Amendment claim. First of all, it is unclear whether Unit T-7 did not have any air-conditioning by design or because it was temporarily malfunctioning. Plaintiff's allegation that he suffered for a temporary period of 10 days indicates it was more likely the latter. Plaintiff should clarify this detail in an amended complaint.

If the lack of air-conditioning was due to a temporary malfunction in the unit rather than an architectural design, the allegations are insufficient to satisfy the second element, *i.e.*, that a prison official possessed a sufficiently culpable state of mind. Plaintiff names only the NSH as a defendant but makes no specific allegations against the Hospital in his brief statement of facts. Dkt. No. 1 at 3. Furthermore, Plaintiff does not identify any specific NSH employee or staff member who knew Plaintiff faced a substantial risk of serious harm due to the extreme heat and disregarded that risk by failing to take reasonable

steps to abate it.  *Farmer*, 511 U.S. at 837.  Without any facts establishing that a specific state actor violated Plaintiff's Eighth Amendment rights, Plaintiff cannot state a claim under § 1983.  At most, Plaintiff may have a claim for negligence, but neither negligence nor gross negligence is actionable under § 1983 in the prison context.  *See Farmer*, 511 U.S. at 835-36 & n.4; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner).  Plaintiff shall be granted leave to file an amended complaint to attempt to allege sufficient facts to state an Eighth Amendment claim.

In preparing an amended complaint, Plaintiff should keep the following principles in mind.  Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  *See Leer*, 844 F.2d at 633.

### CONCLUSION

For the reasons state above, the Court orders as follows:

1.      The complaint is **DISMISSED with leave to amend**.  Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint to correct the deficiencies described above.  The amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 22-cv-5277 BLF (PR), and the words "AMENDED COMPLAINT" on the first page.  Plaintiff must answer all the questions on the form in order for the action to proceed.

Plaintiff is reminded that the amended complaint supersedes the original, and Plaintiff may not make references to the original complaint.  Claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

       2.     **Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in the dismissal of this action without further notice to Plaintiff.**

       3.     The "complaint" filed under Docket No. 9 is merely a request for the Court to accept the accompanying IFP application.  Dkt. No. 10.  Accordingly, the Clerk shall change this entry to reflect this information.  Dkt. No. 9.

       4.     The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

       **IT IS SO ORDERED.**

Dated:  **___May 18, 2023____**

                                 BETH LABSON FREEMAN
                                 United States District Judge

United States District Court
Northern District of California

Order of Dismissal with Leave to Amend
P:\PRO-SE\BLF\CR.22\05277Pagaling_dwlta